UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jason Edens,	Case No. 16-cv-0750 (WMW/LIB)

               Plaintiff,

               **ORDER STAYING PROCEEDINGS**

   v.

Volkswagen Group of American, Inc.;
Volkswagen Aktiengesellschaft; and Does
1 through 20, inclusive,

               Defendants.

---

On March 30, 2016, Defendant Volkswagen Group of America, Inc., moved the Court for an Order staying further proceedings in this case pending its transfer to the multidistrict litigation ("MDL"), *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* ("*In re Volkswagen*"), No. 3:15-md-2672-CRB, in the United States District Court for the Northern District of California. (Dkt. 6.) Plaintiff opposed the motion. (Dkt. 12.) On April 29, 2016, the magistrate judge granted in part and denied in part Volkswagen Group of America's motion to stay. (Dkt. 28.) In particular, the order excluded from the stay Plaintiff's pending motion to remand this case to state court, (Dkt. 16).

A district court judge may reconsider any nondispositive matter decided by the magistrate judge to which no party has objected. LR 72.2(a)(3). It is well-established that " 'the power to stay proceedings is incidental to the power inherent in every court to

1

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  Factors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998).

Although a district court's discretion to stay proceedings is broad, " '[t]he proponent of a stay bears the burden of establishing its need.' " *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (quoting *Clinton*, 520 U.S. at 708).  Traditionally, the proponent must demonstrate "specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254-56).  This burden is a heavy one, and a presumption favors the party opposing a stay. *Id.* at 1365.  "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the competing interests and maintain an even balance, recognizing that the Supreme Court has counseled moderation" in the use of stays. *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 890 (D. Minn. 2015) (internal quotation marks omitted).

The purpose of an MDL is to coordinate or consolidate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Such coordination is necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). Therefore, deferring the resolution of certain pretrial matters until the Judicial Panel on Multidistrict Litigation ("JPML") renders a decision as to whether a case should be transferred to the MDL court may be appropriate. *Calder v. A.O. Smith Corp.*, No. 04-cv-1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004). Indeed, to conserve judicial resources, "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (observing that a majority of courts have reached this conclusion).

Volkswagen Group of America argues that a stay will conserve judicial resources. Notably, in this case, the MDL proceeding has been established. The JPML issued an order on December 8, 2015 that transferred dozens of pending federal court actions to the *In re Volkswagen* MDL. *In re Volkswagen*, No. 3:15-md-2672-CRB, Dkt. 1. Since that time, more than 500 additional actions have been transferred to the *In re Volkswagen* MDL. *Id.* at Dkt. 1392. On April 5, 2016, the MDL court issued a Conditional Transfer Order (CTO-31), which conditionally transferred this case to the *In re: Volkswagen* MDL. *Id.* The JPML will consider Plaintiff's objections to transfer on May 26, 2016. Absent a stay, if this case is transferred to the MDL, this Court will have expended its

resources familiarizing itself with the facts and law of a case that will be heard by another judge. *See Rivers*, 980 F. Supp. at 1360. Moreover, on April 4, 2016, the MDL court issued an Order Regarding Motions to Remand, which acknowledges that motions to remand may be filed in the MDL, and provides a process for addressing such motions "in a coordinated and orderly fashion." *In re Volkswagen*, No. 3:15-md-2672-CRB, Dkt. 1390. Thus, extending the stay at issue here to include Plaintiff's pending motion to remand to state court would promote judicial economy and save judicial resources by avoiding duplicative and potentially unnecessary efforts.

Volkswagen Group of America also asserts that, absent a stay, the parties will be required to duplicate efforts and waste resources. The Court agrees. Just as the Court's resources would needlessly be expended absent a stay, the parties' resources also would. Under the circumstances presented here, Volkswagen Group of America has demonstrated a risk that it will suffer significant hardship absent a stay.

Finally, Volkswagen Group of America contends that any prejudice a stay may cause to Plaintiff would be minimal. The Court is mindful that there will be some delay and inconvenience to Plaintiff if a stay is granted. But if this case is transferred to the MDL, the efficiencies gained through the MDL will benefit *all* parties. Moreover, Plaintiff could utilize the MDL court's established procedure for addressing motions to remand. If this case is transferred to the MDL, the MDL court likely will be in a better position—and certainly not in a worse position—to address Plaintiff's motion to remand. Therefore, on balance, the interests of conserving judicial resources, avoiding duplicative

or inconsistent results, and reducing the hardship to Volkswagen Group of America outweigh the minimal prejudice that a stay may impose on Plaintiff.

Accordingly, for all the foregoing reasons, the Court concludes that expanding the stay in this case to include Plaintiff's pending motion to remand to state court is warranted.

**ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. All proceedings before this court in this matter, including Plaintiff's pending motion to remand this case to state court, (Dkt. 16), are **STAYED** pending resolution of the Conditional Transfer Order (CTO-31) in *In re Volkswagen*, No. 3:15-md-2672-CRB; and

2. The June 10, 2016 hearing on Plaintiff's pending motion to remand this case to state court is **CANCELLED**.

Dated:  May 24, 2016                                       s/Wilhelmina M. Wright
                                                                        Wilhelmina M. Wright
                                                                        United States District Judge